# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MOSES MATTHEW STEVENS, :

    Petitioner,                   :       Case No. 3:12cv00034

vs.                                  :       District Judge Thomas M. Rose
                                         Chief Magistrate Judge Sharon L. Ovington
WARDEN, Lebanon               :
Correctional Institution,
                                 :
    Respondent.
                                 :

# REPORT AND RECOMMENDATIONS[1]

## I.    Introduction

Petitioner Moses Matthew Stevens is serving a ten-year sentence in state custody after pleading "no contest" to the state criminal charges brought in an indictment. In light of his plea, the trial court found him guilty of aggravated robbery and kidnapping, each with a firearm specification; having weapons under a disability; and possession of criminal tools. *See* Doc. #7, Exhibits 1, 6, 7, 13. Stevens, through counsel, brought an unsuccessful direct appeal in the Ohio Court of Appeals. *Id*., Exhs. 9, 11-13. Stevens then sought relief *pro se* in the Ohio Supreme Court without success. *Id*., Exhs. 15, 17.

Stevens brings this case *pro se* seeking a writ of habeas corpus under 28 U.S.C.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

§2254. His habeas petition raises two claims:

>Ground One: DEFECTIVE INDICTMENT
>
>Supporting Facts:
>
>Specifically the indictment failed to charge all essential elements of the offense (mens rae) as such did not charge an offense and was defective in violation of the 5th, 14th amendment protection [sic] due process and a FAIR TRIAL [sic].
>
>Ground Two: Sentence violated 5th [A]mendment protection against multiple punishment for same action.
>
>Supporting Facts:
>
>Theft offense [Ohio Rev. Code] 2913.01(K) sentence was elevated due to the use of a gun, yet an addition gun spec[ification] was added elevating the sentence a second time for the same gun in violation of the double jeopardy protection against multiple punishments and deprived petitioner of due process until [sic] 14th.

(Doc. #2, PageID at 17, 19) (capitalization in original).

The case is before the Court upon Stevens's Petition (Doc. #2), Respondent's Return of Writ and attached Exhibits (Doc. #7), Stevens's Traverse (Doc. #9), and the record as a whole.

## II. Procedural Matters

### A. The Parties' Contentions

Respondent argues that Stevens's failure to fairly present his federal constitutional claims to the Ohio courts means those claims are unexhausted. Respondent further argues that no remaining procedural way to raise those claims exists in the Ohio courts, and Stevens

2

has therefore committed a procedural default that bars federal habeas review.

Stevens contends that he fairly presented his federal constitutional claims to the Ohio Supreme Court. As to ground one of his habeas petition, he points out that the Memorandum in Support of Jurisdiction he filed in the Ohio Supreme Court asserted that the faulty indictment filed against him violated his rights under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution. As to ground two of his habeas petition, he points out that he cited *North Carolina v. Pierce*, 395 U.S. 711 (1969) in his Memorandum in Support of Jurisdiction. He also argues that his procedural default, if any, should be excused because his appellate counsel provided constitutionally ineffective assistance.

B.     **Procedural Default – Fair Presentation**

"A petitioner for a writ of habeas corpus must meet certain procedural requirements to permit review of his habeas claims by a federal court. The petitioner must first exhaust the remedies available in state court by fairly presenting his federal claims to the state courts; unexhausted claims will not be reviewed by the federal court." *Smith v. State of Ohio Dept. of Rehabilitation and Corrections*, 463 F.3d 426, 430-31 (6th Cir. 2006) (citing *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004)) (other citation omitted). "When the petitioner has failed to present the grounds to the state courts and has exhausted his claims because no state remedy remains available, his grounds are procedurally defaulted." *Landrum v. Mitchell*, 625 F.3d 905, 918 (6th Cir. 2010) (citations omitted).

To fairly present a federal constitutional claim to the state courts, "[i]t is sufficient if

'the substance of a federal habeas corpus claim' [is] presented to the state courts, and there are instances in which 'the ultimate question for disposition' will be the same despite variations in the legal theory or factual allegations urged in its support." *Whiting v. Burt*, 395 F.3d 602, 612-13 (6th Cir. 2005) (quoting, in part, *Picard v. Connor*, 404 U.S. 270, 277-78, 92 S.Ct. 509 (1971)).  A petitioner can take four actions that are significant to resolving whether he has fairly presented the state courts with his federal claim:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

*Burt*, 395 F.3d at 613 (quoting, in part, *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)) (other citation omitted).

"[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S.Ct. 1347 (2004).

Stevens did not fairly present his federal constitutional challenge to his indictment during his direct appeal in the Ohio Court of Appeals. The Briefs he filed in the Ohio Court of Appeals did not rely on a federal case employing analysis of whether an indictment violated a defendant's federal constitutional rights due to the absence of a *mens rea* element. *See* Doc. #7, PageID at 83-86. The state cases he cited – *e.g., State v. Singfield*, 183 Ohio

4

App.3d 625 (2009)[2]; *State v. Colon*, 118 Ohio St.3d 26 (2008)[3]; *State v. Hamilton*, 183 Ohio App.3d 819, 822 (2009)[4] – did not employ a federal constitutional analysis of an allegedly flawed indictment.  He raised his claims in terms focused on the Ohio Constitution rather than the U.S. Constitution, and he did not alert the Ohio Court of Appeals to facts that placed his challenge to the indictment well within the mainstream of federal constitutional law.  *See* Doc. #7, Exh. 9 at PageID 83-86); *see also* Exhs. 11, 12.  Although Stevens is correct to point out that he fairly alerted the Ohio Supreme Court to his federal constitutional challenge to the indictment, *see* Doc. #7, Exh. 15, this does not relieve him of his failure to fairly present the federal claim to the Ohio Court of Appeals. To fully exhaust his claim in the Ohio courts, he was required to give the Ohio courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999). He did not meet this requirement because he fairly presented his federal claim only to the Ohio Supreme Court in an attempt to obtain discretionary review.  *See id*.; *Hruby v. Wilson*, 494 Fed. App'x 514, 517 (6th Cir. 2012) ("A habeas petitioner's submission of a new claim to the state's highest court on discretionary review is not a fair presentation to the state's

---

[2] *superceded by State v. Singfield,* No. 24576, 2009 WL 3757505 (Ohio Ct. App. Nov. 10, 2009).

[3] After Petitioner's brief was filed, the Ohio Supreme Court overruled *Colon* in *State v. Horner*, 126 Ohio St.3d 466 (2010).

[4] After Petitioner's brief was filed, the Ohio Supreme Court reversed *Hamilton* in light of *State v. Horner*, 126 Ohio St.3d 466 (2010).

5

courts." (citing *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056 (1989)). As a result, Stevens's first ground for relief is procedurally defaulted, unless he can show "cause" for the procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591 (2000); *see also Burton v. Renico*, 391 F.3d 764, 773 (6th Cir. 2004) (and cases cited therein).

Stevens fares better on his second ground for relief. He fairly asserted in both the Ohio Court of Appeals and the Ohio Supreme Court that his sentence violated his rights under the Double Jeopardy Clause of the Fifth Amendment to the Constitution by punishing him twice for the same gun violation. (Doc. #7, PageID at 82-83, 151-54). Consequently, this claim is not procedurally defaulted.

In sum, absent a showing of "cause" for his procedural default, Stevens's federal challenge to the indictment is waived for the purpose of federal habeas review. In contrast, he properly presented the Ohio courts with his double-jeopardy claim and, therefore, federal habeas review of this claim is warranted.

### C. "Cause" for Procedural Default

Stevens contends that the constitutionally ineffective assistance provided by his appellate counsel constitutes "cause" sufficient to excuse any procedural default connected to his first ground for relief.

"[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice...." to show "cause" for a procedural default.

*Carpenter*, 529 U.S. at 451, 120 S.Ct. at 1591. The present case does not involve such circumstances. Stevens acknowledges that he "never raised a claim of ineffective assistance of appellate counsel to the state courts ...." (Doc. #9, PageID at 177). "'[A] claim of ineffective assistance,' ... generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Carpenter*, 529 U.S. at 452, 120 S.Ct. at 1591 (quoting, in part, *Murray v. Carrier*, 477 U.S. 478, 489, 106 S.Ct. 2639 (1986)). Because Stevens never presented his first ground for relief to the Ohio courts as an independent claim, it is procedurally defaulted and cannot serve as "cause" to excuse his procedurally defaulted first ground for relief. *Id.*

Stevens attempts to overcome this problem by explaining that he "only learned of appellate counsel's failure to have the trial proceedings, including the plea and sentencing hearing transcribed, IN THESE PROCEEDINGS when the failure of counsel was brought to his attention by the [R]espondent in [the] return of writ." (Doc. #9, PageID at 177) (emphasis in original). This explanation does not assist Stevens in establishing "cause" because appellate counsel's omission of the plea and sentencing transcripts does not relate to the ineffective assistance claim Stevens seeks to raise in this case – *i.e.*, that appellate counsel provided constitutionally ineffective assistance when he omitted on direct appeal the claim that the flawed indictment violated Stevens's rights under the U.S. Constitution. Stevens knew about this omission, at the latest, when the Ohio Court of Appeals issued its decision rejecting his faulty-indictment claim on state grounds. If he did not know then, he

7

certainly knew about the omission when he raised a federal constitutional challenge to his indictment in his Memorandum in Support of Jurisdiction in the Ohio Supreme Court. His more recently gained knowledge about appellate counsel's omission of trial transcripts simply misses the mark.

Stevens also maintains that "cause" exists for his failure to claim ineffective assistance of appellate counsel in the Ohio courts because "no remedy exists for the complained of failures of appellate counsel. Ohio App. R. 26[(B)] has no provision to raise such a claim ...." (Doc. #7, PageID at 177). Stevens misreads Ohio R. App. P. 26(B). This Rule states, in part, "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel...." Ohio R. App. P. 26(b)(1). Because this plain and unambiguous language provided Stevens with a way to litigate his claim that his appellate counsel provided ineffective assistance, his failure to present the claim to the Ohio courts constitutes a procedural default.

Because Stevens's claim that his appellate counsel provided constitutionally ineffective assistance is itself procedurally defaulted, it cannot serve as "cause" to excuse appellate counsel's failure to raise a federal constitutional challenge to the indictment in the Ohio Court of Appeals. *See Carpenter*, 529 U.S. at 452, 120 S. Ct. at 1591.

Accordingly, Stevens's procedural default constitutes a waiver of his first ground for relief for the purpose of federal habeas review. Alternatively, as will be discussed next,

*infra*, §III(B), his first ground for relief does not warrant federal habeas relief.

### III. Substantive Matters

#### A. The AEDPA[5]

Under the AEDPA, a federal court may not grant habeas relief to a state prisoner with respect to any claim that has been "adjudicated on the merits in State court proceedings" unless the state-court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. 28 U .S.C. § 2254(d)(1)." *Greene v. Fisher,* __U.S.__, 132 S.Ct. 38, 42 (2011).

The [AEDPA's] "contrary to" clause is satisfied "if the state court arrive[d] at a conclusion opposite to that reached by [the U.S. Supreme] Court on a question of law or if the state court decide[d] a case differently than [the U.S. Supreme] Court has on a set of materially indistinguishable facts." *Villagarcia v. Warden,* 599 F.3d 529, 533 (6th Cir. 2010) (brackets in *Villagarcia* ) (quoting, in part, *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495 (2000)). "Under [the AEDPA's] 'unreasonable application' clause ..., a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Villagarcia,* 599 F.3d at 533 (quoting *Williams,* 529 U.S. at 411, 120 S.Ct. 1495); *see Harrington v.*

---

[5] The AEDPA is the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).

9

*Richter,* 562 U.S. __, 131 S.Ct. 770, 785 (2011). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' which demands that state-court decisions be given the benefit of the doubt." *McKinney v. Ludwick,* 649 F.3d 484, 488 (6th Cir. 2011) (quoting, in part, *Woodford v. Visciotti,* 537 U.S. 19, 24, 123 S.Ct. 357 (2002)) (other citations omitted).

      B.      <u>**Stevens's First Ground for Relief**</u>

The AEDPA affords Stevens no habeas relief on his constitutional challenge to the indictment's lack of a *mens rea* element.

"An indictment which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira v. Marshall,* 806 F.2d 636, 639 (6th Cir. 1986) (citations omitted); *see Roe v. Baker,* 316 F.3d 557, 570 (6th Cir. 2002) ("Beyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review.") (citation omitted). In state criminal prosecutions, "due process mandates only that the indictment provide the defendant with 'fair notice of the charges against him to permit adequate preparation of his defense.' Fair notice has been given when 'the offense [is] described with some precision and certainty so as to apprise the accused of the crime with which he stands charged. Such definiteness and certainty are required as will enable a presumptively innocent man to prepare for trial.'" *Williams v. Haviland,* 467 F.3d 527, 535 (6th Cir. 2006) (quoting in part *Koontz v. Glossa,* 731 F.3d 365, 369 (6th Cir. 1984)).

The indictment charged Stevens with aggravated robbery and kidnapping, each with a firearm specification. *See* Doc. #7, Exh. 13, PageID at 135-36. The Ohio Court of Appeals on Stevens's direct appeal explained that the "indictment with regard to both the Aggravated Robbery charge and the Kidnapping charge tracked the language of the statutory sections under which he was charged ...." *Id.*, PageID at 139. A review of the indictment confirms this and also reveals that the indictment identified the date, "on or about July 16, 2009..." when Stevens allegedly committed the offenses. *Id*. Given this information, the indictment fairly informed Stevens of the charges against him in a manner consistent with his rights under the Due Process Clause. *See Mira,* 806 F.2d at 639 (6th Cir. 1986) (and cases cited therein); *see also Baker,* 316 F.3d at 570; *Tegeler v. Renico*, 253 Fed. App'x 521, 526 (6th Cir. 2007). This is so even though the indictment was not a model of perfection. The indictment misnamed the aggravated robbery charge in count one, the kidnapping charge in count two, and weapons-under-a-disability charge in count three.[6] But, again, each count tracked the language of the applicable Ohio criminal statutes and each cited the correct statute for the charges of aggravated robbery, kidnapping, and having weapons while under a disability: Ohio Rev. Code §§2911.01(A)(1), 2905.01(A)(2), and 2923.13(A)(2), respectively. There is, moreover, no dispute that the Common Pleas Court's Termination

---

[6] For unknown reasons, Respondent's counsel neglected to file a complete copy of the indictment in the record of this case. (Doc. #7, Exh. 1). It does not matter why only part of the indictment was filed because the full indictment is available online in the public records of the Montgomery County, Ohio Clerk of Courts. *See* http://www.clerk.co.montgomery.oh.us. Because the full indictment is available as a public record, it is appropriate to take judicial notice of it. *See* Fed. R. Evid. 201.

11

Entry also correctly identified the criminal offenses by name and corresponding Ohio statute, thus supporting the conclusion that Stevens's knew he was pleading no contest to the charges identified in the indictment's accurate citations and statutory language. *See* Doc. #7, Exh. 7. And Stevens's trial counsel understood that the charges pending against Stevens included aggravated robbery and kidnapping as seen in counsel's motion to dismiss those charges. *Id*., Exh. 3.

Turning to Stevens's "mens rea" argument, the Ohio Court of Appeals concluded that the "indictment was not deficient for failing to specify a mens rea." *Id*., Exh. 13, PageID at 139. Stevens has not identified a contrary due-process/indictment case decided by the U.S. Supreme Court and has not shown that the conclusion stemmed from the Ohio Court of Appeals' unreasonable application of a Supreme Court case. *Cf. Cullen v. Pinholster*, __U.S.__, 131 S. Ct. 1388, 1402 (2011) (AEDPA standards set forth in §2254(d) apply even where the state court's have issued a summary denial of a claim.). Because the indictment provided Stevens with actual and constitutionally sufficient notice of his aggravated-robbery and kidnapping charges, he has not shown that the Ohio Court of Appeals' decision was contrary to or involved an unreasonable application of Supreme Court caselaw. *See Haviland*, 467 F.3d at 535-36.

Accordingly, Stevens is not entitled to federal habeas relief on his constitutional challenge to the indictment.

### C. Stevens's Sentence On Two Firearm Specifications

Stevens contends that his sentences on two separate firearm specifications for his use of the same gun violated his rights under the Double Jeopardy Clause and the Due Process Clause of the Constitution.

The Ohio Court of Appeals found no merit in this claim as follows:

> We have held that a firearm specification under [Ohio] R.C. 2941.145 is not "a separate criminal offense that requires proof of a culpable mental state separate from commission of the predicate offense. * * * Rather, a firearm specification is merely a penalty enhancement that attaches to some predicate offense." *State v. Vann,* Montgomery App. No. 22818, 2009-Ohio-5308, ¶ 12, internal citations omitted. A penalty enhancement specification is not an offense. *State v. Miller,* Lucas App. No. L-08-1314, 2009-Ohio-3908, ¶ 11, citations omitted. As such, there is no due process or double jeopardy violation for sentences on both the underlying offense and the specification. *State v. Reid,* Montgomery App. No. 23409, 2010-Ohio-1686, ¶ 48. Because a firearm specification cannot stand alone, without an underlying offense, "a firearm specification does not require its own mens rea ." *Id.,* at ¶ 13, citation omitted. Therefore, even if Stevens had preserved this issue for appeal, his assignment of error would fail.

(Doc. #7, Exh. 13, PageID at 139-140).

"The Double Jeopardy Clause ... protects against multiple punishments for the same offense.[7] Where <u>consecutive sentences</u> are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *Brown v. Ohio,* 432

---

[7] The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Constit. Amend. V. It is applicable to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056 (1969).

U.S. 161, 166, 97 S.Ct. 221 (1977) (footnote added) (emphasis added).  This rule of constitutional law does not help Stevens because its plain language limits its application to "consecutive sentences."  *Id*.; *see Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678 (1983) ("With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." (emphasis added)).  Stevens does not point to a double-jeopardy case decided by the U.S. Supreme Court clearly establishing that the Double Jeopardy Clause protection against multiple punishments for the same offense applies to concurrently imposed sentences.  Given this state of Supreme Court case law, the Ohio Court of Appeals' rejection of Stevens's double-jeopardy claim was not contrary to, and did not unreasonably apply, clearly established federal law as determined by the Supreme Court.[8]

Assuming, alternatively, that the Double Jeopardy Clause applies to cumulative sentences, Stevens's claim provides no basis for granting habeas relief.

In the "multiple punishment" context, the Double Jeopardy Clause is circumscribed by legislative intent.  The double-jeopardy "protection against cumulative punishments ... is

---

[8] At least one U.S. District Court has held, "The Double Jeopardy Clause offers no relief in the case of concurrent sentences."  *Woodson v. Smith*, 5:09CV2803, 2010 WL 5817655 (N.D. Ohio July 21, 2010), R&R adopted, 5:09CV2803, 2011 WL 611626 (N.D. Ohio Feb. 11, 2011); *but cf.*, *Render v. Warden, S. Ohio Corr. Facility*, 889 F.Supp. 2d 1014, 1053-54 (S.D. Ohio 2012) (Speigel, D.J.; Bowman, M.J.) ("The fact that petitioner received concurrent sentences does not change the undersigned's opinion that petitioner's rights under the Double Jeopardy Clause were infringed in this case, because petitioner's separate convictions on the two counts still remain on his criminal record.").

designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature." *Ohio v. Johnson,* 467 U.S. 493, 499, 104 S.Ct. 2536 (1984)*; see Jones v. Thomas,* 491 U.S. 376, 381, 109 S.Ct. 2522 (1989). Therefore, "the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." *Johnson*, 467 U.S. at 499, 104 S.Ct. at 2541; *see Palmer v. Haviland,* No. 06–3857, 2008 WL 961640, at *4 (6th Cir. Apr. 9, 2008) (unpublished) (unlike other double jeopardy protections prohibiting re-prosecution for the same offense, "the multiple punishments category of double jeopardy is primarily one of legislative intent").

Stevens's multiple three-year sentences for the (two) firearm specifications were consistent with the intent of the Ohio legislature, even though each specification involved the same gun. Ohio's sentencing statutes address the firearm specification as follows:

> [I]f an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a [firearm] specification..., the court shall impose on the offender one of the following prison terms:
>
> * * *
>
> A prison term of three years if the specification is of the type described in section 2941.145[9] of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the offense and displaying the firearm, brandishing the firearm, indicating that the offender possessed the firearm, or using it to

---

[9] Section 2941.145(A) provides, "Imposition of a three-year mandatory prison term ... is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense."

>facilitate the offense[.]

Ohio Rev. Code §2929.14(B)(1)(a)(ii) (footnote added).  It follows from the plain meaning of this statute that the Ohio legislature intended to impose a three-year firearm enhancement as to each felony an offender commits using a firearm.  To hold otherwise would require altering the statutory language to include the phrase "one or more felonies" as follows:

>[I]f an offender who is convicted of or pleads guilty to [one or more felonies] ... also is convicted of or pleads guilty to a [firearm] specification..., the court shall impose on the offender one of the following prison terms:
>
>* * *
>
>A prison term of three years ....

The bracketed alteration, would make it clear that only one firearm specification can be applied to multiple felony convictions.  But as written, the statute uses singular (not plural) language, thus indicating the Ohio legislature's intention to impose one firearm specification on each felony a defendant "is convicted of...." Ohio Rev. Code §2929.14(B)(1)(a)(ii).  Consequently, attaching a three-year firearm specification to Stevens's aggravated robbery conviction and another three-year firearm specification to his kidnapping conviction was consistent with the intent of the Ohio legislature expressed in Ohio Rev. Code §2929.14(B)(1)(a)(ii).  As a result, Stevens's sentence on multiple firearm specifications did not exceed that authorized by the Ohio legislature and, therefore, did not violate the Double Jeopardy Clause.

In addition, even if the two underlying felonies Stevens committed are treated as

16

allied offenses of similar import under *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180 (1932), the Double Jeopardy Clause does not prohibit attaching a firearm specification to each felony under current Supreme Court case law. *See Hunter*, 459 U.S. at 368, 103 S. Ct. at 679 ("because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger* test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes."); *see also Volpe v. Trim*, 708 F.3d 688, 696-97 (6th Cir. 2013) ("'Even if the crimes are the same under *Blockburger,* if it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end.'" (quoting *Johnson,* 467 U.S. at 499 n.8, 104 S.Ct. 2536)); *White v. Howes*, 586 F.3d 1025, 1035 (6th Cir. 2009) ("The current jurisprudence allows for multiple punishment for the same offense provided the legislature has clearly indicated its intent to so provide, and recognizes no exception for necessarily included, or overlapping offenses.").

For all the above reasons, neither the sentence Stevens received in the trial court nor the Ohio Court of Appeals' opinion is contrary to, or involves an unreasonable application of, clearly established federal law as determined by the Supreme Court. Stevens is therefore not entitled to federal habeas relief on his second ground for relief.

**IV.  Certificate of Appealability**

Before a petitioner may appeal a denial of his habeas petition, he must first obtain a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). To obtain a certificate of

appealability when a habeas petition is denied on the merits, the petitioner must make a substantial showing of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This is accomplished by showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 484. If the District Court dismisses the petition on procedural grounds without reaching the merits of the constitutional claims, the petitioner must show that jurists of reason would find it debatable whether the District Court is correct in its procedural ruling. *Slack*, 529 U.S. at 484.

The conclusions reached in the instant Report are not debatable by jurists of reason and the case does not otherwise present issues sufficient to encourage Stevens to proceed further. Consequently, a certificate of appealability should not issue.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Moses Matthew Stevens's Petition for Writ of Habeas Corpus (Doc. #2) be DENIED and DISMISSED;

2. Petitioner be denied leave to appeal *in forma pauperis* and any requested certificate of appealability; and,

3. This case be terminated on the docket of this Court.


January 10, 2014                                             s/Sharon L. Ovington
                                                              Sharon L. Ovington
                                                    Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).